IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NYKA O'CONNOR,
   Plaintiff,

vs.              Case No.: 3:10cv360/LAC/EMT

M.L. CARNAHAN, et al.,
   Defendants.
_____/

## ORDER

  Plaintiff is a Florida Department of Corrections ("FDOC") inmate who proceeds pro se and has paid the filing fee in full.[1] Before the court is Plaintiff's amended complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 27).[2] From a review of the amended complaint, the court concludes that the facts as presented fail to support a viable claim for relief. The court therefore will allow Plaintiff an opportunity to clarify his allegations in a second amended complaint.

  As an initial matter, with respect to identifying the prior cases he has filed, Plaintiff is advised that he may not "incorporate by reference . . . ALL CASES filed in state & federal court" (Doc. 27 at 8).[3] Rather, to the best of his ability and recollection, Plaintiff must list all other cases on the complaint form. As the instructions to the form state, if Plaintiff is unsure of any prior cases he has filed he should disclose that fact (*see id.* at 6). Additionally, the court notes that in parts of the complaint Plaintiff's handwriting is nearly illegible; moreover, his allegations in the "Statement of Facts" section at times are excessively detailed, while at other times are so sketchy or

---

[1] Although Plaintiff prepaid the filing fee in full, because he is a prisoner and seeks redress from "a governmental entity or office or employee of a governmental entity," the court is required to conduct a review of Plaintiff's complaint. *See* 28 U.S.C. § 1915A. In its review the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

[2] Plaintiff initiated this action by filing a complaint which was docketed on September 13, 2010 (*see* Doc. 1), and he filed a first amended complaint on February 27, 2011 (*see* Doc. 27). The court did not conduct a substantive review of the initial complaint as plaintiff requested leave to amend in November of 2010 (*see* Doc. 12). After some delay, the amended complaint was received and docketed on February 18, 2011. Two motions for injunctive relief were filed not long thereafter (*see* Doc. 31 & 33).

[3] The page numbers enumerated herein are as identified by the court's electronic docketing system, not those Plaintiff may have assigned.

disconnected that they are incoherent or at least very difficult to follow. Also, Plaintiff often fails to write complete sentences. In amending, Plaintiff must write legibly and strive to present his claims and the underlying facts succinctly and clearly. He must also follow the instructions on the complaint form that direct him to briefly state the facts of the case and that, if there are facts which are not related to same basic incident or issue, to address those facts in a separate complaint. He has impermissibly included allegations relating to deficient medical care, excessive force, false disciplinary reports, denial of food, harassment and retaliation.

The above deficiencies in Plaintiff's amended complaint notwithstanding, the court shall proceed to a brief review of some of the allegations; it shall also provide Plaintiff with instructions should he elect to file a second amended complaint. Plaintiff previously was housed at Santa Rosa Correctional Institution ("SRCI"). He names thirty-three Defendants, including twenty seven SRCI employees and six individuals at Union Correctional Institution ("UCI"). The Defendants include the SRCI warden, several SRCI assistant wardens, numerous SRCI correctional officers, SRCI health care workers and administrative personnel, and various personnel at UCI. Plaintiff claims that from approximately October of 2009 through March of 2010 these Defendants subjected him to excessive force, staff abuse, "bogus D.R's," involuntary administration of psychiatric medication, and inadequate medical treatment. Plaintiff asserts the violation of his rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiff seeks, *inter alia*, injunctive relief, a declaratory judgment, and damages.

As an initial matter, Plaintiff is advised that he should clearly delineate which events are alleged to have occurred while he was at SRCI and which events occurred after his transfer to UCI. Even claims that superficially involve similar matters, such as events involving the allegedly excessive use of force, may not be sufficiently related to warrant their incorporation into a single complaint as they are separated in time, place, and the identity of the individuals involved.[4] And, the venue for claims arising at UCI would properly lie in the United States District Court for the Middle District of Florida rather than this District.

Plaintiff also fails to present a viable Eighth Amendment claim against each of the named Defendants. Claims of excessive force by prison officials fall under the Eighth Amendment's proscription against cruel and unusual punishment. Whether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"

---

[4] Plaintiff may not join Defendants and claims that are not sufficiently related. Plaintiff is advised that persons cannot be joined in one action as Defendants unless the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences and the claims share a common question of law or fact. *See* Fed. R. Civ. P. 20.

Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)) (establishing the standard for an Eighth Amendment excessive force claim); *see* Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir.2005) (applying the Whitley test in a Fourteenth Amendment excessive force case). If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience. *See* Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir.1987) (stating that the Eighth and Fourteenth Amendments give equivalent protections against excessive force). If not, then it does not. In this case, some of Plaintiff's complaints, as presented, certainly suggest an Eighth Amendment violation, although he does not clearly explain his behavior at the time of the allegedly excessive applications of force. If Plaintiff's own erratic, unruly, or dangerous, behavior led to the use to force, it is less likely that an Eighth Amendment violation will lie.

Plaintiff also makes assertions about food which he was or was not provided. The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). It is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975 (4th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S. Ct. 1759, 68 L. Ed. 2d 239 (1981)); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). The food need not be "tasty or aesthetically pleasing" but merely "adequate to maintain health." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996), *amended by* 135 F.3d 1318 (9th Cir. 1998); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994); LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993); Green v. Ferrell, 801 F.2d 765, 770 (5th Cir. 1986) (*quoting* Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977)); Cunningham v. Jones, 567 F.2d 653, 659–60 (6th Cir. 1977). Depriving an inmate of food could rise to the level of a constitutional violation in certain circumstances. Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). However, there is abundant case law indicating that a claim of the deprivation of a single meal on a single occasion, does not.

In general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while "substantial deprivations of shelter, food, drinking water, and sanitation" may meet the standard despite a shorter duration. Deapain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001); (*quoting* Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 1999); *see also* Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir.1994)). Some appellate courts that have

considered alleged deprivations of nutritional sustenance have failed to find constitutional deprivations in the face of more serious violations. For instance, in Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998), the court found that the denial of one out of every nine meals was not a constitutional violation. Similarly, in Berry v. Brady, 192 F.3d 504, 506–08 (5th Cir. 1999), the court found that denying the inmate plaintiff eight meals over seven months because of inmate's failure to shave did not deny inmate "anything close to a minimal measure of life's necessities" (internal quotations and citation omitted); *see also* Roddy v. Corbitt Nesbitt, 242 F.3d 376, 2000 WL 1694061 (8th Cir. 2000) (denial of three meals over the course of a year did not amount to an Eighth Amendment violation) (Table, Text in WEST LAW); Williams v. Harness, No. 99-1326, 2000 WL 573448, at *1 (8th Cir. May 10, 2000) (unpublished per curiam) (denial of one meal does not give rise to constitutional violation); Novak v. Beto, 453 F.2d 661, 665, 668 (5th Cir. 1971) (no Eighth Amendment violation when prisoner in solitary confinement was fed 2 slices of bread per day, unlimited water, and a full meal every 3 days, and that restrictive diet did not extend beyond 15 days). And, courts that have found constitutional violations when inmates were deprived of food have done so only when presented with repeated deprivations that were close in time. *See e.g.,* Simmons v. Cook, 154 F.3d 805, 809 (8th Cir.1998) (denying prisoners four consecutive meals over two days violated the objective component of the Farmer test (i.e., Farmer v. Brennan, 511 U.S. 825 (1994))); Cooper v. Sheriff of Lubbock County, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days unconstitutional); Dearman v. Woodson, 429 F.2d 1288, 1289 (10th Cir. 1970) (prisoner who was deprived of food for more than fifty hours had a viable Eighth Amendment claim). Therefore, Plaintiff has failed to state a viable Eighth Amendment claim either with respect to the alleged deprivation of a single meal while he was in five-point restraints after an altercation with correctional officers, or with respect to his voluntary decision not to consume the "loaf" with which he was provided for nine consecutive meals.

       Plaintiff also contends that he was denied medical treatment after altercations with prison staff, after his voluntary ingestion of a paper clip and on another occasion a razor blade, and contrarily, that he was administered psychotropic medications against his will. A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also* Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105–06. Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow, *supra*; Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. Third, as with any tort claim, he must show that the injury was caused by the defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (citing Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995)). No liability arises for an official's failure to alleviate a significant risk that he should have perceived but did not, and imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted). In this case, Plaintiff has not alleged that he suffered any "damages" from the failure to treat him for swallowing foreign objects, or from the "involuntary" administration of psychiatric medications. Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment. Estelle, 429 U.S. at 107, 97 S. Ct. at 292; Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985); Turner v. Solorzano, 2007 WL 1217882, *2 (11th Cir. 2007) (table, text in WESTLAW). A difference of opinion over matters of medical judgment does not give rise to a constitutional claim. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

As a final matter, Plaintiff is advised that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so,

or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989) *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Prison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983. *See* Grinter v. Knight, 532 F.3d 567 (6th Cir. 2008); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied* 530 U.S. 1264, 120 S. Ct. 2724, 147 L. Ed. 2d 988 (2000); *see also* Lomholt v. Holder, 287 F.3d 683, 683 (8th Cir. 2002) (defendants' denial of plaintiff's grievances did not state a substantive constitutional claim); Weaver, 756 F. Supp. at 337 (holding that prisoner failed to state a § 1983 claim against supervisory officials, where prisoner merely alleged the officials denied his grievance and did not allege they were personally involved in the alleged misconduct). The facts as alleged by Plaintiff do not suggest that any supervisor was personally involved in any of the events complained of, and nor is there any apparent causal connection between the conduct of a supervisor and the alleged constitutional violations. Plaintiff's allegations against Defendants who were merely acting in a supervisory capacity therefore are insufficient to state a basis for liability.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether he can state a claim for relief against any of the named Defendants. If Plaintiff determines he does not wish to proceed with this case, he should file a notice of voluntary dismissal. If Plaintiff decides that he wishes to proceed with this action, he must file an amended complaint clarifying his allegations. Plaintiff shall completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the

"Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, matters not raised therein are deemed abandoned and will be disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file a witness list or submit exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not conduct any discovery without leave of court.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "**Second Amended Complaint**." Alternatively, Plaintiff shall file a notice of voluntary dismissal within that time.

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 6th day of April 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**