**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
_____PENSACOLA_____ **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983


NYKA O'CONNOR ,

Inmate # 189579 .
 (Enter full name of Plaintiff)

THIRD AMENDED COMPLAINT

vs.

CASE NO: 3:10cv360-LC/EMT
 (To be assigned by Clerk)

OFFICER KELLY et al ,

JURY TRIAL DEMANDED

_____ ,

_____ ,

IN OFFICIAL & INDIVIDUAL CAPACITIES. JOINTLY & SEVERALLY

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)


### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:


/

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: *Nyka O'Connor*

Inmate Number: *199579*

Prison or Jail: *UCF*

Mailing address: *7819 N.W. 228th St. Raiford Fla*

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: *Kelley*
Official position: *Correctional Officer*
Employed at: *SRCI*
Mailing address: *5853 E. Milton Rd Milton FL 32583*

(4) *Tifft*
*Warden*
*SRCI*
*5853 E. Milton Rd, Milton FL 32583*

(2) Defendant's name: *Moore*
Official position: *Correctional Officer*
Employed at: *SRCI*
Mailing address: *5853 E. Milton Rd Milton FL 32583*

(5) *Hammontree*
*Captain*
*SRCI*
*5853 E Milton Rd, Milton FL 32583*

(3) Defendant's name: *Honeycut*
Official position: *Nurse*
Employed at: *SRCI*
Mailing address: *5853 E. Milton Rd Milton FL 32583*

(6) *Pacheco*
*Physician*
*SRCI*
*5850 E Milton Rd, Milton Fla 32583*

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2A

II DEFENDANTS (Continued)

(7) Defendants name: Carter
Official position  Head Nurse
Employed at:  SRCI
Mailing address:  5850 E. Milton Rd
Milton FL. 32583

· (12)  Bishop
Nurse
SRCI
5850 E. Milton Rd,
Milton FL. 32583

(8) Defendants name: Nieves
Official position: Head Nurse
Employed at:  SRCI
Mailing address: 5850 E Milton Rd,
Milton FL.32583

(13)  Thanes
Nurse
SRCI
5850 E. Milton Rd,
Milton Fla 32583

(9) Defendants name: Traywick
Official position: Nurse
Employed at:  SRCI
Mailing address: 5850 E. Milton Rd
Milton Fla 32583

(14) McKutchin
Nurse
SRCI
5850 E. Milton Rd,
Milton Fla 32583

~~(10) Defendants name: Nieves~~
~~Official position: Head Nurse~~
~~Employed at: SRCI~~
~~Mailing address: 5850 E. Milton Rd,~~
~~Milton Fla 32583~~

(15)  White
Captain
SRCI
5850 E. Milton Rd,
Milton Fla 32583

(11) Defendants name: Grice
Official position: Nurse
Employed at:  SRCI
Mailing address: 5850 E. Milton Rd,
Milton FL. 32583

(16) Grace
Correctional Officer
SRCI
5850 E. Milton Rd,
Milton Fla 32583.

II  DEFENDANTs  (Continued-2)

(17) Defendants name: Extraction Team on 2-28-10 (wore helmets, faces unknown)
     Official position:  Extraction Team Correctional Officers.
     Employed at  SRCI
     Mailing address:  5850 E. Milton Rd
                       Milton Fla 32583

(18) Defendants name: Rummell
     Official position:  CHO
     Employed at:  SRCI
     Mailing address: 5850 E. Milton Rd.
                      Milton Fla 32583

(19) Defendants name: Bates
     Official position:  Inspector
     Employed at:  SRCI
     Mailing address: 5850 E. Milton Rd
                      Milton Fla 32583

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.   **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( ✓ )                    No(  )

1.   Parties to previous action:
(a)   Plaintiff(s):  _NYKA O'CONNOR_
(b)   Defendant(s):  _SGT WATTS_

2.   Name of judge: _SHELFER_          Case #: _2011CA 00158_

3.   County and judicial circuit: _Leon County 2nd Judicial Circuit_

4.   Approximate filing date:  _Summer 2011_

5.   If not still pending, date of dismissal: _About Aug / Sept - 2012_

6.   Reason for dismissal: _Bringing similar Claims in Federal Court_

7.   Facts and claims of case: _Assault, Battery, Property Restrictions, etc., by staff as retaliation, etc._

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( ✓ )                    No(  )

1.   Parties to previous action:
a.   Plaintiff(s): _NYKA O'CONNOR_
b.   Defendant(s): _GRACE et al_

2.   District and judicial division: _US Dist. Ct Pensacola Fla_

3.   Name of judge: _Can't recall_          Case #: _Can't Recall see Ct docket_

4.   Approximate filing date: _About Sept / Oct 2010_

5.   If not still pending, date of dismissal: _About 2010 / 2011_

6.   Reason for dismissal: _Malicious for not listing prior cases._

3

7.  Facts and claims of case: _Assault, Battery, Excessive Force, Denial of Health Care, etc. at SRCI_

**(Attach additional pages as necessary to list other federal court cases.)**

C.  Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)                    No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.  Parties to previous action:
    a.  Plaintiff(s): _NYKA O'CONNOR_
    b.  Defendant(s): _WALTER McNEIL_
2.  District and judicial division: _U.S. Dist. Southern Dist Miami FL._
3.  Name of judge: _White._        Case #: _0:09-cv-61099-PAS_
4.  Approximate filing date: _2009_
5.  If not still pending, date of dismissal: _2010_
6.  Reason for dismissal: _Can't recall._
7.  Facts and claims of case: _Criminal Issues re Double Jeopardy / Estoppel Violation, Inadmissible Evidence, Jury Forms, etc.._

**(Attach additional pages as necessary to list cases.)**

D.  Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✓)                    No( )

1.  Parties to previous action:
    a.  Plaintiff(s): _NYKA O'CONNOR_
    b.  Defendant(s): _FDOC (Can't recall)_
2.  District and judicial division: _U.S. Dist. Northern Dist. Pensacola Fla_
3.  Name of judge: _Can't Recall_   Case Docket # _08-357-cv-3-LAc-wcs_
4.  Approximate filing date: _'08_      Dismissal date: _08/09_
5.  Reason for dismissal: _Failure to state a Claim see other cases in US Dist Court # 3:10-W-354-McR-MD, 11th Cir case # N-11168-I, 11-12692-I, 11-12693-C, 12-11065, etc.._

4A

IV. PREVIOUS LAWSUITS (Continued #1)
C-

O'Connor incorporates herein by reference, several other cases
that O'Connor initiated in Federal & state courts; see Court
case dockets in US Dist Court Southern, Middle & Northern
District Fla; US Court of Appeals 11th Circuit, US
Supreme Court, Broward County Circuit Court Fla, Leon
County Cir Ct. Fla, 4th District Ct of Appeal Fla (4CA),
1st DCA, Fla Sup Ct. To list some of said cases O'Connor
cites the following:-

US Dist Ct. FL:-
3:11-CV-0109-MMH-MCR, 3:11-CV-307-J-34 MCR, 3:11-CV-252-J-34MCR,
3:10-CV-01090-TJC-JRK, 3:10-CV-224-WS-EMT, 3:10-CV-1123-J-34-
TEM; among others.
US Ct App 11th Cir:-
11-12487-H, 11-12486-G, 11-12484-B, 10-15813-F, 10-12103-H,
09-12071, 12-12505-E, 12-11965-E, 12-11893, among others.
US Sup Ct:-
11-5793, 11-7083, 11-6677, 11-5299, among others.
Leon County Fla:-
2010-CA-3930, 2010-CA-002411, 2012-CA-1495, 2012-CA-000824,
2012-CA-002209* 2012-CA-001288, 2012-CA-1324, 2012-CA1591 & others.
Alachua/Union County:-
63-2010-CA-0105, 63-2012-CA-0062 & others.
Santa Rosa County Courts:-
10-0018-AP & others.
1st CA:-
1D11-2873, 1D11-3470, 1D11-4981, 1D11-3650, 1D11-4424 & others.
Fla Sup Ct:-
S11-631, SC11-2097, SC12-1315 & others.

4B

6.   Facts and claims of case: <u>CM & JR  Issues</u>

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. At all times herein, O'Connor was a Mental Patient at SRCI Q-Dorm, in CSU (Crisis Stabilization Unit), on SHOS (Self Harm Observation Status).

2. About 1-12-10, O'Connor swallowed a paperclip & a razorblade, & was laying on the floor inside the housing cell.

3. Kelley & other staff then entered O'Connors' housing cell & attacked O'Connor.

4. Kelley bit O'Connor on the right tricep during said altercation.

5. Said bite caused O'Connor pain, swelling, bleeding with black & blue coloring.

6. After the situation was stabilized, Moore came on the scene.

7. Moore pressed His knee against O'Connor & extended O'Connors' arm beyond the range of motion for a lengthy period to break it. ~~& pressed Dobbs' knee & O'Connor / on beardbbler break, arms, &~~ ~~& Dobbs, before range of motion to break.~~

8. Moore continued to attempt to break O'Connors' arm though O'Connor was being compliant.

9. Moores' acts caused O'Connor unbearable pain since

5

then by date, where range of motion is limited.

10. O'Connor was then brought to the Medical Triage Room & assessed by Honeycut.

11. Honeycut did not conduct a full body Post Use of Force Exam on O'Connor.

12. Honeycut did not provide O'Connor any care for the ingested paperclip & razorblade, or O'Connors' aching shoulder from Moores' abuse which O'Connor complained about.

13. Tifft was on the scene & did not take any photos of O'Connors' bleeding tricept from Kelleys' bite.

14. Tifft & Hammontree then placed O'Connor on Strip-Property Restrictions for over 72 hours in a cold cell with A/C blowing cold air, while O'Connor wore only a suicide shrawl.

15. O'Connor was denied a suicide Blanket & Mattress while on Property Restrictions - strip.

16. No Advanced Notice, Hearing or Basis of Decision was provided prior to placing O'Connor on Strip on 1-12-10.

17. No Health Care staff including Psychiatrist authorized said Strip-Property Restrictions on 1-12-10

18. Subsequently, O'connor requested a test for Aids & Hepititis due to Kellys' bite; but was denied the results, from Jan. 2010 to March 2010.

19. The denial of said test results caused O'Connor to live in a state of anxiety by thinking He contracted said deseases.

20. On 1-21-12, O'Connor swallowed another paperclip approximately 4" long, in the presence of Ar. Miller, Ar. Hreldeburg, Santi, Lt Orsa & Nurse McKutchin.

21. O'Connor wanted to kill Himself due to the ONGOING CAMPAIGN abuses He was recieving from SRCI staff,

Ⅴ. STATEMENT OF FACTS (Continued -1)

but O'Connor didn't die as intended.
22. Instead, O'Connor experienced additional stomach pains, was puking blood, deficating blood, sweating, moaning and groaning due to unbearable pain, witnessed by staff.
23. Pacheco refused to ensure O'Connor recieved proper stomach care for said ingested foreign bodies. ▓▓▓▓.
24. Honeycut, Traywick, Nieves, Grice, Bishop, Carter Thames & McKutchin also refused to ensure O'Connor was provided proper stomach care for said foreign bodies.
25. Said staff refused to provide O'Connor proper stomach care due to said incident on 1-12-12 when O'Connor "allegedly" assaulted staff; & due to falsifying documents.
26. O'Connor was NEVER provided pain Meds, Endoscopy, stomach surgery, etc., for said stomach suffering spanning from 1-12-10 to 3-1-10 while at SRCⅠ.
27. O'Connor could bear the stomach suffering no longer, & it was evident SRCⅠ staff was going to continue to deny O'Connor proper stomach care.
28. In attempt to get proper care, on 2-28-12, O'Connor crawled outside the cell flap & went on top of the dayroom roof.
29. O'Connor refused to come down unless staff agreed to provide O'Connor proper stomach care.
30. White among other staff refused to negotiate & provide O'Connor proper stomach care, for said ingested contraband.
31. White coerced O'Connor to jump & kill himself; & even placed a mat on the floor for O'Connor to jump on.
32. White did not first confer with Medical to see if O'Connor had asthma or other illness that prohibits use

6B

I STATEMENT OF FACTS (Continued-2)

of Chemical Agents

33. White among other staff, used several cans of chemical agents against O'Connor, to make O'Connor jump off the roof to the ground.

34. Said chemical agents caused O'Connor to have nasal discharge, burning eyes, burning skin, difficulty seeing, difficulty breathing, & disorientation.

35. A ten man extraction team then used ladders to go on top of said roof to attack & abuse O'Connor.

36. Grace slammed O'Connor on the dayroom roof & kneed O'Connor in the face that caused severe pain & vision problems.

37. While O'connor was in restraints & the situation was stabilized, Graced punched O'Connor in the face several times, & tried to break O'Connors' shoulders & fingers.

38. The other Extraction Team Members present did not intervene in said abuse by Grace.

39. Tifft & White authorized said abuse by Grace.

40. Tifft & White were present but did not intervene in said abuse.

41. Tifft patted Grace on the shoulder & told Him "good job" for abusing O'Connor.

42. The hand held portable video & audio camera was then retrieved.

43. Tifft & others broke down the plexi-glass fencing around the dayroom roof & brought O'Connor down on a ladder & placed O'Connor in a wheelchair.

44. O'Connor was escorted to the Medical Triage Room where Traywick & Thames did not conduct a full body post use of force assessment.

45. Traywick & Thames did not provide O'Connor needed breathing treatment for His asthmatic issues & breathing problems.

6C

Ⅴ. STATEMENT OF FACTS (Continued -3)

46. Neither Tifft nor White took photos of O'Connors' injuries from Graces' abuse, e.g., swollen face, black & blue color, etc...

47. Neither Tifft nor White provided O'connor a shower to remove said burning chemicals from O'Connors' person.

48. White & other Security staff then escorted O'Connor to a housing cell for 5-pointing O'comor.

49. O'connor was strapped in 5-point restraints facing upward, with burning chemicals for 3 hours.

50. Traywick involuntarily injected O'Connor with Psych Meds known to adversely affect O'Connor.

51. The administration of involuntary psych Meds was done per Dr. Rummels Order.

52. O'Connor experienced locked limbs, headaches, dizziness, light headedness & disorientation from said psych Meds.

53. Grace who was assigned to Q-Dorm, was assigned to the Extraction Team, then was allowed to still work Q-Dorm after abusing O'Connor.

54. While in 5-point restraints, Grace used the Extraction Shield to hit O'Connor in the face several times which caused unbearable pain.

55. Bates and other Inspectors did not conduct a thorough investigation concerning said abuses & take appropriate action.

56. Where, several staff witnessing said abuses didn't even submit an Incident Report, which Bates et al disregarded.

GC

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

1. O'Connor claims Violations of Prison Conditions of Confinement & states the following claims individually & under the totality of circumstances criteria.

2. O'Connor re-alleges & incorporates by reference Statement of Facts # 1-56

3. At all times, Defendants acted in bad faith, with malicious purpose, exhibited wanton & willful desregard for O'Connors' rights & property.

(see attached continuation)

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Damages - Punitive, Compensatory, Nominal, Mental/Emotional. Declatory Judgement that ALL acts & ommissions herein violate the Law; Injunction to not use chemicals in Inpatient care; Injunction to provide Due Process BEFORE placing Inmates on strip

(see Attached continuation)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

<u>11-1-12</u>
(Date)

<u>NYKA TASSIANT OCONNOR</u>
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _1st_ day of _November_, 20_12_.

<u>NYKA TASSIANT OCONNOR</u>
(Signature of Plaintiff)

Revised 03/07

7A

**VI.** STATEMENT OF CLAIMS (Continued -1)

4. Kelley biting O'Connor, violated O'Connors' rights, & constituted Cruel & Unusual Punishment & Due Process violation, under US Const. Amend 8 & 14; Fla Const. Art I § 9 & 17; Assault, Battery, Malicious Battery, Culpable Negligence & Moral Character under FS §§ 768.28, 415.102(1), 944.35, 784.05, 943.13(7) 944.09 & 20.315, FAC 33-208.002(3)(a) & (8).

5. Moore attempting to break O'Connors' arm & Kneeing O'Connor, violated O'Connors' rights, & constituted Cruel & Unusual Punishment & Due Process Violation, under US Const Amend 8 & 14; Fla Const. Art I § 9 & 17. Assault, Battery, Malicious Battery, Culpable Negligence & Moral Character, under FS §§ 768.28, 944.35, 784.05, 943.13(7) 944.09, & 20.315, 415.102(1); FAC 33-208.002(3)(a) & (8), 33-602.210 et seq.

6. Honeycut failing to properly examin O'Connor & provide Care for His shoulder & stomach issues, violated O'Connors' rights, & constituted Cruel & Unusual Punishment & Due Process Violation, under US Const. Amend 8 & 14; Fla Const Art I § 9 & 17; Malpractice, Negligence & Moral Character, under FS §§ 768.28 & 943.13(7); FAC 33-208.002(3)(a) & (8), 33-602.210 et seq & 33-401 et seq.

7. Tifft failing to take photos of O'Connors tricep, violated O'Connors' rights & constituted Due Process Violation, under US Const. Amend. 14; Fla Const. Art I § 9; Negligence & Moral Character, under FS §§ 768.28 & 943.13(7); FAC 33-208.002(3)(a) & 33-602.210 et seq.

8. Tifft & Hammontree placing O'Connor on Property Restrictions in inhumane conditions without periodic review, violated O'Connors' rights & constituted Cruel & Unusual Punishment & Due Process violation, under US Const. Amend 8 & 14; Fla Const. Art I § 9 & 17; Negligence & Moral Character under FS §§ 768.28 &

VI  STATEMENT OF CLAIMS  (Continued -2)

FS 943.13(7);  FAC 33-208.002(3)(a) & (8),  33-601.800(10),
33-404 et seq.

9. Pacheco, Carter, Nieves, et al, failing to disclose &
continuously withholding blood test results, violated O'Connors'
rights & constituted unlawful search & seizure and Due
Process Violation under US Const Amend 4 & 14, Fla Const
Art I §§ 9 & 12; Malpractice, Negligence & Moral Character
under FS §§ 768.28 & 943.13(7); FAC 33-208.002(3)(a) & 33-401 et seq.

10. Pacheco failing to provide proper care & falsifying
documents that O'Connor inserted paperclip in His rectum
violated O'Connors' rights & constituted Cruel & Unusual
Punishment & Due Process violation under US Const.
Amend 8 & 14; Fla Const Art I §§ 9 & 17; Negligence, Malpractice,
Fraud & Moral Character under FS §§ 768.28 &
943.13(7); FAC 33-208.002(3)(a) & (8), 33-401 et seq; 33-208.002(6,12,19).

11. Honeycut, Traywick, Nieves, Grice, Bishop, Carter,
Thames & McKutchin failing to provide proper care
violated O'Connors' rights & constituted Cruel & Unusual
Punishment & Due Process violation under US Const.
Amend 8 & 14; Fla Const. Art I §§ 9 & 17; Negligence,
Malpractice & Moral Character under FS §§ 768.28 &
943.13(7); FAC 33-208.002(3)(a) & 33-401 et seq.

12. White advising O'Connor to jump & kill Himself, violated
O'Connors' rights, & constituted Cruel & Unusual Punishment
& Due Process Violation under US Const. Amend 8 & 14;
Fla Const Art I §§ 9 & 17; Negligence & Moral Character
under FS §§ 768.28 & 943.13(7); FAC 33-208.002(3)(a) & (8).

13. White failing to confer with Medical before using chemical
agents, violated O'Connors' rights, & constituted Due Process

VI STATEMENT OF CLAIMS (Continued -3)

violation under US Const. Amend 14 & Fla Const Art I
§ 9; Negligence & Moral Character under Fs §§ 768.28, 415.102(1),
& 943.13(7); FAC 33-208.002(3)(a) & 33-602-210.
14. White et al using chemical agents to make O'Connor jump,
violated O'Connors' rights & constituted Cruel & Unusual
Punishment & Due Process Violation under US Const.
Amend 8 & 14; Fla Const. Art I §§ 9 & 17; Assault,
Battery, Malicious Battery, Culpable Negligence &
Moral Character under Fs §§ 768.28, 944.35, 784.05, 415.102(1),
943.13(7), 944.09 & 20.315; FAC 33-208.002(3)(a) & (8), &
33-602.210 et seg..
15. Grace slamming O'Connor & Kneeing O'Connor in the face,
violated O'Connors' rights & constituted Cruel & Unusual
Punishment & Due Process Violation under US Const.
Amend 8 & 14; Fla Const. Art I §§ 9 & 17; Assault,
Battery, Malicious Battery, Culpable Negligence &
Moral Character under Fs §§ 768.28, 944.35, 784.05, 415.102(1),
943.13(7), 944.09 & 20.315; FAC 33-208.002(3)(a) & (8), &
33-602.210 et seg..
16. Grace punching O'Connor & attempting to break O'Connors'
limbs while in restraints, violated O'Connors' rights &
constituted Cruel & Unusual Punishment & Due Process
Violation under US Const Amend 8 & 14; Fla Const.
Art I §§ 9 & 17; Assault, Battery, Battery, Malicious
Battery, Culpable Negligence & Moral Character under
Fs §§ 768.28, 944.35, 784.05, 943.13(7), 944.09, & 20.315;
FAC 33-208.002(3)(a) & (8); & 33-602.210 et seg. & Fs 415.102(1).
17. Other Extraction Team Members failing intervene in
Graces' abuse, violated O'Connors' rights & constituted

VI. STATEMENT OF CLAIMS (Continued - 4)

Cruel & Unusual Punishment & Due Process violation
under US Const. Amend 8 & 14; Fla Const. Art I §§ 9 & 17;
Negligence, Culpable Negligence & Moral Character,
under FS §§ 768.28, 784.05, 943.13(7), 944.09, # 20.315, 415.102(1);
FAC 33-208.00(3)(a) & (8); & 33-602.210 et seq...

18. Tifft & White authorizing said Use of Force & failing to
intervene in Graces' abuse to O'Connor, violated O'Connors'
rights & constituted Cruel & Unusual Punishment
& Due Process violation under US Const. Amend 8 & 14;
Fla Const. Art I § 9 & 17; Assault, Battery, Malicious
Battery, Culpable Negligence & Moral Character under
FS. §§ 768.28, 944.35, 784.05, 943.13(7), 944.09, # 20.315, 415.102(1);
FAC 33-208.002(3)(a) & (8) & 33-602.210 et seq..

19. Tifft, White, et al, failing to use the portable hand
held video camera to tape said authorized Use of Force,
violated O'Connors rights & constituted Due Process
violation, under US Const. Amend 14, Fla Const. Art I § 9;
Brady Rules; Negligence & Moral Character, under
FS §§ 768.28 & 943.13(7); FAC 33-208.002(3)(a), 33-602.210(5)(a)
& PPD 602.033.

20. Traywick & Thames failing to ~~provide proper~~ do full exam, breathing
treatment for asthmatic issues & breathing problems,
violated O'Connors rights & constituted Cruel & Unusual
Punishment & Due Process violation under US Const Amend
8 & 14; Fla Const Art I §§ 9 & 17; Malpractice, Negligence
& Moral Character, under FS §§ 768.28 & 943.13(7);
FAC 33-208.002(3)(a) & (8); 33-602.210 et seq. & 33-401 et seq..

21. Tifft & White failing to take photos of O'Connors'
injuries from Graces' abuse, violated O'Connors' rights &

7E

VI. STATEMENT OF CLAIMS (Continued -5)

constituted Due Process Violation under US Const Amend 14, Fla Const Art I § 9; Brady Rules. Negligence & Moral Character under FS §§ 768.28 & 943.13(7); FAC 33-208.002(3)(a), 33-602.210 & PPD 602.033. 22. Tifft & White failing to offer a decontaminating shower prior to 5-pointing O'Connor, violated O'Connors' rights & constituted Cruel & Unusual Punishment & Due Process violation under US Const. Amend 8 & 14; Fla Const Art I § 9 & 17; Negligence, Culpable Negligence & Moral Character under FS §§ 768.28, 784.05, 943.13(7), 944.09 & 20.315; FAC 33-208.002(3)(a) & (8); & 33-602.210 (5)(6).

23. White et al placing O'Connor in 5-point restraint with burning chemicals, facing upward for 8 hours, violated O'Connors' rights & constituted Cruel & Unusual Punishment & Due Process violation under US Const. Amend 8 & 14; Fla Const. Art I § 9 & 17; Negligence, Culpable Negligence & Moral Character under FS §§ 768.28, 784.05, 943.13(7), 944.09 & 20.315; FAC 33-208.002(3)(a), 33-602.210(21)(o)(3a).

24. Rummell authorizing ETO & Traywick administering said involuntary Psych Meds that adversely affected O'Connor, violated O'Connors' rights & constituted Cruel & Unusual Punishment & Due Process violation under US Const. Amend 8 & 14; Fla Const. Art I § 9 & 17; Negligence, Culpable Negligence, Malpractice & Moral Character under FS §§ 768.28, 784.05, 943.13(7), 944.09 & 20.315; FAC 33-208.002(3)(a), 33-401 & 33-404.

25. White & Grace being aware of assignment to Q-Dorm, then to Extraction Team & then Q-Dorm after the abuse, violated O'Connors' rights & constituted Cruel & Unusual Punishment, Due Process Violation & Conflict of Interest under

7F

VI  STATEMENT OF CLAIMS (Continued -6)

U.S Const. Amend 8 & 14; Fla Const Art I §§ 9 & 17, &
Art III §18; Negligence, Culpable Negligence & Moral
Character under FS §§ 768.28, 784.05, 943.13(7), 944.09
& 20.315; FAC 33-208.002(3)(a) & 33-602.210.
26. Grace using shield to abuse O'Connor while in 5-point
restraints, violated O'Connor's rights & constituted
Cruel & Unusual Punishment & Due Process Violation
under US Const. Amend 8 & 14; Fla Const Art I §§ 9 & 17.
Negligence, Culpable Negligence, Assault, Battery,
Malicious Battery & Moral Character, under FS §§
768.28, 944.35, 784.05, 943.13(7), 944.09, 20.315, & 415.102(1),
33-208.002(3a) & (8), & 33-602.210.
27. Bates et al failing to conduct a thorough investigation
concerning said abuses, violated O'Connors' rights & constituted
Due Process Violation under US Const. Amend 14
& Fla Const Art I § 9; Negligence, Investigation, &
Moral Character Under FS §§ 768.28, 944.35(2),
943.1395(5), 944.09 & 20.315; FAC 33-3 etseq., 33-208.002(3)(a)
33-602-210 (16).

VII RELIEF REQUESTED (Continued)

& Inmates not be placed on Strip/Property Restrictions
In Inhumane Conditions; Jury Trial on all Issues
Triable,- Court Costs & Fees; Appoint counsel;
Any further relief.

LEGAL MAIL

Nyka O'Connor, 1985-79
UCI
7919 N.W. 228th St.
Raiford Fla. 32026

Mailed From A
State Correctional
Institution





UNITED STATES POSTAGE
$ 01.50⁰
02 1M
0004255364
MAILED FROM ZIP CODE 32026
NOV 02 2012
PITNEY BOWES

Hon. Judge Timothy
U.S. DISTRICT COURT – N.D.
U.S. Courthouse
1 N. Palafox St.
Pensacola, Fl. 32502